IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JAN 2 8 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| LEMUEL GRIGSBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H – 03 – 829 |
| | § | |
| LOCKHEED MARTIN SPACE | § | |
| OPERATIONS CO. and SEAN | § | |
| O'KEEFE, ADMINISTRATOR, | § | |
| NATIONAL AERONAUTICS AND | § | |
| SPACE ADMINISTRATION, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss filed by Defendant Sean O'Keefe, Administrator for the National Aeronautics and Space Administration ("Defendant NASA"). The Motion is more properly considered a Motion for Summary Judgment and will be treated as such. For the following reasons, the Motion is **GRANTED**.

I.   BACKGROUND

Plaintiff was hired by Defendant Lockheed Martin Space Operations Company ("LMSO") to work on its contract with NASA at the Johnson Space Center. Plaintiff alleges that he was sexually harassed by Joe Aquino, a NASA employee he worked with closely. Plaintiff filed a complaint with NASA's equal employment opportunity office about this behavior. Plaintiff claims he was then subjected to a hostile work environment in retaliation for filing the complaint. Having exhausted the administrative process for redress of his grievances, Plaintiff

brought suit against Defendant NASA, alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). Evidence is construed in the light most favorable to the non-moving party. *Id.*

"[A] complete failure of proof concerning an essential element of [Plaintiff's] case necessarily renders all other facts immaterial" and "mandates the entry of summary judgment" for Defendant NASA. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). If Defendant NASA shows that there is a lack of evidence to support Plaintiff's case, Plaintiff "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* (quotations omitted).

### B. Defendant NASA's "Employer" Status

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Defendant NASA maintains that it is not Plaintiff's employer, and

therefore cannot be sued by Plaintiff under Title VII. Title VII allows only "employees" or "applicants for employment" to file suit against a federal agency. 42 U.S.C. § 2000e-16(c). Absent an employer-employee relationship between Defendant NASA and Plaintiff, Plaintiff cannot prevail on a Title VII claim.

In *Mares v. Marsh*, 777 F.2d 1066 (5th Cir. 1985), the Fifth Circuit announced the standard it would use to determine employer status in Title VII cases. The court articulated the test as "a hybrid which considers the 'economic realities' of the work relationship as an important factor in the calculus, but which focuses more on the extent of the employer's right to control the 'means and manner' of the worker's performance." *Id.* at 1067 (quotations omitted). The Fifth Circuit further clarified the elements of this test, stating:

> When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.

*Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117, 119 (5th Cir. 1993).

Plaintiff was hired by Defendant LMSO. Defendant LMSO paid Plaintiff's salary, withheld taxes, provided all benefits, set the terms and conditions of his employment, provided his performance evaluations, and granted sick leave and vacation time. Defendant NASA did not perform any of these functions. Defendant NASA did not have the authority to fire Plaintiff. Even though Plaintiff worked directly with, and was monitored by, a NASA employee, he was supervised by an employee of LMSO. Simply put, Defendant NASA was not Plaintiff's employer. Plaintiff has failed to prove an essential element of his Title VII case, and Defendant NASA is therefore entitled to summary judgment.

## III. CONCLUSION

Defendant NASA's Motion for Summary Judgment (filed as a Motion to Dismiss) is hereby **GRANTED**.

IT IS SO ORDERED.

SIGNED this 27th day of January, 2005.

                                            KEITH P. ELLISON
                                            UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**